UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SHAW,<br>    Petitioner,<br>v.<br>STEPHANIE CLANDENIN,<br>    Respondent. | Case No. 22-cv-06139 BLF (PR)<br>**ORDER OF DISMISSAL** |

Petitioner, a civil detainee proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging constitutional violations in connection with his commitment under the Sexually Violent Predator Act ("SVPA"). Dkt. No. 1. Petitioner has paid the filing fee. Dkt. No. 7.

**BACKGROUND**

According to the petition, Petitioner was convicted of California Penal Code § 288(b) in 1992. Dkt. No. 1 at 3. Following completion of his sentence, the Superior Court of Lake County found probable cause to hold Petitioner pending civil commitment proceedings. *Id.* The civil commitment trial was held on April 7, 2011, and concluded with Petitioner's commitment under the SVPA. *Id.* at 1. He is currently confined at

Coalinga State Mental Hospital. *Id.* at 2.

Petitioner filed the instant federal habeas petition on October 11, 2022.

## DISCUSSION

### I. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### II. Analysis

Petitioner claims that his right to procedural due process was violated because he was experiencing severe side effects of his psychotropic medication at the civil commitment hearing "that rendered him cognitively impaired to the point of incompetence." Dkt. No. 1 at 7. He was therefore prevented from being able to in any reasonable manner to process what transpiring in court, to assist counsel, or otherwise participate in the trial. *Id.* Petitioner states that he has since regained his competency. *Id.* at 4.

States may enact statutes that provide for the "forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety." *Kansas v. Hendricks*, 521 U.S. 346, 357 (1997). The constitutionality of state civil commitment proceedings may be challenged in federal habeas corpus once state remedies have been exhausted. *See Nelson v. Sandritter*, 351 F.2d 284, 285 (9th Cir. 1965). Prisoners in state custody who wish to challenge collaterally in federal habeas

proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process.").

Here, Petitioner states that he did not exhaust his state court remedies because the California Supreme Court previously denied similar claims based on due process. Dkt. No. 1 at 2. Nevertheless, Petitioner is still required to exhaust state judicial remedies before bringing this federal action. *See Nelson*, 351 F.2d at 285. It is clear from the petition that Petitioner failed to do so. It is therefore subject to dismissal on that basis. *See Rose*, 455 U.S. at 522.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DISMISSED** for failure to exhaust state remedies. *See Rose*, 455 U.S. at 510. The dismissal is without prejudice to Petitioner refiling once he has exhausted state judicial remedies, *i.e.*, the state supreme court issues a decision denying relief.

**IT IS SO ORDERED.**

Dated:  __March 28, 2023_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\HC.22\06139Shaw_dism(exh)